UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1108-AB (KKx)** | Date: | November 19, 2020 |
| Title: | *Ecological Rights Foundation, et al. v. Hot Line Construction, Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order DENYING Plaintiffs' Motion to Compel Site Inspections Without Prejudice and DIRECTING Defendant SCE to Respond to Plaintiffs' Request for Site Inspections Within Seven (7) Days of This Order [Dkt. 28]**

On October 21, 2020, Plaintiffs Ecological Rights Foundation and Santa Barbara Channelkeeper ("Plaintiffs") filed a Motion to Compel ("Motion") defendant Southern California Edison Company ("SCE") to permit site inspections upon six SCE facilities.  ECF Docket. No. ("Dkt.") 28 at 2.  Plaintiffs seek an order permitting three site inspections to conduct storm water and sediment sampling and make visual observations at each of the six facilities.  Id.  The parties filed a Joint Stipulation pursuant to Local Rule 37-2.  Dkt. 28-1.  On October 29, 2020, Plaintiffs and defendant SCE filed supplemental briefs.  Dkts. 30, 29, 31.  For the reasons stated below, the Court DENIES Plaintiffs' Motion without prejudice.

**I.**
**BACKGROUND**

**A.    SITE INSPECTIONS PRIOR TO LITIGATION**

On February 20, 2020, prior to Plaintiffs filing a complaint, Plaintiffs and defendant SCE executed a written agreement setting forth certain confidentiality obligations and the terms and conditions under which defendant SCE would voluntarily permit Plaintiffs to conduct four site inspections.  Dkt. 28-2, Declaration of Brian Orion ("Orion Decl."), ¶ 21; Dkt. 30-1, Suppl. Declaration of Brian Orion ("Suppl. Orion Decl."), ¶ 3.

On March 8, 2020, in advance of any site inspections, defendant SCE voluntarily gave Plaintiffs facility storm water management plans to assist them in conducting the anticipated inspections.  Dkt 28-10, Declaration of J. Tom Boer ("Boer Decl."), ¶ 5.

On March 10, 2020, Plaintiffs conducted site inspections of three SCE facilities and obtained storm water and sediment samples at each of these facilities.  Orion Decl., ¶ 22.  Plaintiffs could not proceed with inspecting the fourth facility due to a lack of rain.  Id., ¶ 23.

## B.    EFFORTS TO MEET AND CONFER

On May 29, 2020, Plaintiffs initiated this action by filing a Complaint against defendant Hot Line Construction, Inc. for violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1) and Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B).  Dkt. 1.

On June 8, 2020, Plaintiffs filed a First Amended Complaint against defendants Hot Line Construction, Inc. and SCE (collectively, "Defendants") for violations of the CWA and RCRA. Dkt. 10.

On August 28, 2020, Plaintiffs' counsel requested via email that defendant SCE "agree to accept service of site inspection requests and meet and confer on appropriate site inspection protocols."  Orion Decl., ¶ 3; Boer Decl., ¶ 7.  Plaintiffs sought defendant SCE's agreement to early site inspections in exchange for a fifteen-day extension for defendant SCE to respond to Plaintiffs' proposed second amended complaint in connection with a proposed stipulation to permit Plaintiffs to file a second amended complaint.  Orion Decl., ¶¶ 2, 3; Boer Decl., ¶ 7.

On August 31, 2020, defendant SCE's counsel responded defendant SCE was not "willing to agree to any discovery related issues in connection with negotiation of the terms for a stipulation on the second amended complaint."  Boer Decl., ¶ 7.

On September 8, 2020, Plaintiffs' counsel sent an email to defendant SCE's counsel with Plaintiffs' request for site inspections.  Orion Decl., ¶ 7; Boer Decl., ¶ 8.  This email included the names of three SCE facilities Plaintiffs sought to inspect and raised the possibility of inspecting two additional facilities.  Boer Decl., ¶ 8, Ex. B.

On September 9, 2020, Plaintiffs filed the operative Second Amended Complaint ("SAC") seeking declaratory judgment, injunctive relief, imposition of civil penalties, and award of costs for Defendants' violations of the CWA and RCRA.  Dkt. 19.  Plaintiffs contend Defendants own and operate numerous corporation yards and service centers, including twenty-seven SCE facilities, that are unlawfully discharging toxic pollutants into California waterways.  Id. at 2, 3, Ex. 1.

On September 11, 2020, Plaintiffs' counsel and defendant SCE's counsel engaged in a meet-and-confer call to discuss Plaintiffs' request for site inspections.  Orion Decl., ¶ 8.  During this call, defendant SCE's counsel agreed to take under consideration Plaintiffs' "need for the site inspections," "the possibility of scheduling the Rule 26(f) conference now," and "whether limiting the number of Facilities" that would be litigated at once "would enable the parties to schedule the Rule 26(f) conference now."  Orion Decl., ¶¶ 9, 10.  Later that day, Plaintiffs' counsel sent a follow-up email to defendant SCE's counsel indicating Plaintiffs would agree to bifurcate the case such that Plaintiffs would seek to limit discovery to up to six facilities, two of which Plaintiffs had yet to

determine, during the initial phase of discovery.  Orion Decl., ¶ 11; Boer Decl., ¶ 9, Ex. C. Plaintiffs' counsel asked whether defendant SCE would agree to schedule the Rule 26(f) conference in light of the proposed limitation.  Orion Decl., ¶ 11.

On September 18, 2020, defendant SCE's counsel conveyed in a letter that it would not agree to Plaintiffs' requests for early discovery in the form of site inspections.  Orion Decl., Ex. 1; Boer Decl., ¶ 10.  Defendant SCE's counsel stated, Plaintiffs' "attempts to pursue [site] inspections now, prior to the filing of any response to the pleadings and only days after the filing of extensive amendments to the Complaint, disregard multiple procedures established by the Federal Rules of Civil Procedure[.]"  Orion Decl., Ex. 1 at 2.  Defendant SCE's counsel further stated, "Plaintiffs have not met their burden to establish there is 'good ca[u]se" for such site inspections given the 'real and necessary' needs of the case."  Id. at 7.  Defendant SCE's counsel maintained Plaintiffs' requests in September were premature, as December, January, February, and March tend to be the months of highest rainfall in Southern California.  Id.; Dkt. 28-1 at 13.

On September 24, 2020, the Court issued an Order Setting Scheduling Conference ("Scheduling Conference Order") setting a scheduling conference hearing for January 22, 2021. Dkt. 22.  The Court encouraged "counsel to agree to begin to conduct discovery actively before the Scheduling Conference."  Id. at 2 (emphasis in original).

On October 5, 2020, Plaintiffs' counsel sent defendant SCE a letter demanding defendant SCE immediately agree to three site inspections for six of the twenty-seven facilities identified in Plaintiffs' SAC.  Orion Decl., Ex. 2.  Plaintiffs' counsel stated, "Absent a prompt and unequivocal change of position from defendant SCE, Plaintiffs will proceed with filing a motion to compel forthwith."  Id.

On October 9, 2020, defendant SCE's counsel responded in a letter that a motion to compel was "unwarranted."  Orion Decl., Ex. 5 at 1.  Defendant SCE's counsel suggested that if Plaintiffs were unwilling to accommodate defendant SCE's request to wait until it filed a response to the SAC, defendant SCE could: 1) schedule a Rule 26(f) conference the week of November 16, 2020, 2) provide its Rule 26(a) disclosures no later than December 18, 2020, and 3) respond to Plaintiffs' First Set of Requests for Production of Documents no later than January 15, 2021.  Id. at 7. Defendant SCE noted Plaintiffs had not yet served a copy of any Request for Entry Upon Designated Property on defendant SCE.  Id. at 6.

Later that day, Plaintiffs and defendant SCE attended a meet-and-confer call regarding the issues raised in defendant SCE's October 9, 2020 response.  Orion Decl., ¶ 18.  After discussing these issues, the parties reached an impasse.  Id.

On October 10, 2020, Plaintiffs' counsel prepared and served Plaintiffs' First Request for Entry Upon Designated Property ("Request") on defendant SCE seeking to gain entry upon six SCE facilities.[1]  Orion Decl. ¶ 19, Ex. 6.

---

[1]      Plaintiffs list six SCE facilities in their Request: "(1) SCE Pardee Substation Helistop, Santa Clarita, CA 91355; (2) 10060 Telegraph Road, Ventura, CA 93004; (3) 1325 & 1241 S Grand Ave, Santa Ana, CA 92705; (4) 103 David Love Place, Goleta, CA 93117; (5) 14155 Bake Parkway, Irvine, CA 92618; and (6) 1721 22nd Street, Santa Monica, CA 90404."  Orion Decl. ¶ 19, Ex. 6 at 3–4.

On October 12, 2020, defendant SCE's counsel replied that defendant SCE would respond "within 30 days after the parties' Rule 26(f) conference" during the week of November 16, 2020. Boer Decl., ¶ 14, Ex. D.  Counsel for defendant Hot Line Construction, Inc. indicated November 17, 2020 was an acceptable date for Hot Line Construction, Inc.'s participation in the Rule 26(f) conference.  Boer Decl., ¶¶ 16, 17.  Plaintiffs' counsel also indicated November 17, 2020 was an acceptable date for the Rule 26(f) conference.  Boer Decl., Ex. G; See Dkt. 28-1 at 31 ("The parties subsequently agreed on November 17 for the [Rule 26(f)] conference[.]"

On October 21, 2020, Plaintiffs filed the instant Motion along with a Joint Stipulation pursuant to Local Rule 37-2 seeking an order compelling defendant SCE to permit Plaintiffs 1) entry upon six SCE facilities and 2) three site inspections at each of these facilities to conduct storm water and sediment sampling and make visual observations.  Dkt. 28, Mot., Dkt. 28-1, JS.  On October 29, 2020, the parties submitted supplemental briefs.  Dkts. 29, 30, 31.

The matter thus stands submitted.

## II.
## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  FED. R. CIV. P. 26(b)(1).  A party, however, "may not seek discovery from any source" prior to the conference required by Rule 26(f), "except . . . when authorized by these rules, by stipulation, or by court order."  FED. R. CIV. P. 26(d); Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (noting Rule 26(d) of the Federal Rules of Civil Procedure "generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)" (internal citations and quotation marks omitted)).  The Rule 26(f) conference of counsel must occur "at least 21 days before a scheduling conference is to be held[.]"  FED. R. CIV. P. 26(f)(1).

To request an inspection of property, a party may seek an order compelling such inspection when the requested party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  FED. R. CIV. P. 37(a)(3)(B)(iv).  Under Rule 34, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  FED. R. CIV. P. 34(a)(2).  In turn, "[t]he party to whom the request is directed must respond in writing within 30 days after being served[.]"  FED. R. CIV. P. 34(b)(2).

As an initial matter, the Court notes site inspections at six SCE facilities would satisfy the relevance requirement under Federal Rule of Civil Procedure 26(b)(1).  See FED. R. CIV. P. 26(b)(1). The SAC asserts defendant SCE is in violation of 1) the CWA by discharging pollutants from its facilities to United States waters in the absence of a NPDES permit and 2) RCRA by discharging dioxins and other solids from waste from SCE's facilities.  Dkt. 19.  Sampling of storm water discharges from SCE facilities and visual observations of site conditions could indicate storm water discharges contain elevated levels of dioxins and support Plaintiffs' claims.  Dkt. 28-1 at 5.  Thus, the site inspections of the six SCE facilities would be highly relevant to Plaintiffs' claims.  See FED. R. CIV. P. 26(b)(1).

The Court, however, finds Plaintiffs' Motion premature. Plaintiffs' counsel prepared and served Plaintiffs' Request to gain entry upon six SCE facilities on defendant SCE on October 10, 2020. Orion Decl. ¶ 19, Ex. 6. The date of service was prior to the Rule 26(f) conference, and Plaintiffs had not obtained permission from the Court or a stipulation from defendant SCE permitting such early discovery. Therefore, Plaintiffs did not have the authority to serve the discovery request on defendant SCE. See FED. R. CIV. P. 26(d), (f). The Court will deem the Request served as of the November 17, 2020 Rule 26(f) conference. FED. R. CIV. P. 26(d)(2)(B) ("The [early Rule 34 request] is considered to have been served at the first Rule 26(f) conference."). Thus, because the thirty-day deadline for defendant SCE to respond to Plaintiffs' Request has not passed, FED. R. CIV. P. 34(b)(2), the Motion is DENIED without prejudice.

Despite the Court's conclusion that Plaintiffs' Request is premature, the Court finds the information sought by Plaintiffs' Motion is clearly relevant information. The Court's Scheduling Conference Order specifically encourages "counsel to agree to begin to conduct discovery actively before the Scheduling Conference" in its Scheduling Conference Order. Dkt. 22 (emphasis in original). It is undisputed that site inspections can only occur during a rainy season, and the next rainy season is quickly approaching. Orion Decl., Ex. 1 at 7; Dkt. 28-1 at 13. Moreover, in light of the parties' multiple meet-and-confer calls and defendant SCE's willingness as late as September 2020 to consider Plaintiffs' need for site inspections, defendant SCE appears to have led Plaintiffs to believe the parties would be able to conduct some number of site inspections during the approaching rainy season. Orion Decl., ¶¶ 9, 10, 18. Accordingly, the Court will order an expedited response by defendant SCE.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that (1) Plaintiffs' Motion to Compel is **DENIED** without prejudice (dkt. 28); and (2) **within seven (7) days** of this Order, defendant SCE shall serve its response to Plaintiffs' Request, which is deemed served as of November 17, 2020.