UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1108-AB (KKx)** | Date: | December 30, 2020 |
|---|---|---|---|

Title:    *Ecological Rights Foundation, et al. v. Hot Line Construction, Inc., et al.*

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order GRANTING IN PART Plaintiffs' Second Motion to Compel Site Inspections [Dkt. 39]**

On December 10, 2020, Plaintiffs Ecological Rights Foundation and Santa Barbara Channelkeeper ("Plaintiffs") filed a second Motion to Compel ("Motion") defendant Southern California Edison Company ("SCE") to permit site inspections upon six SCE facilities.[1]  ECF Docket. No. ("Dkt.") 39.  Plaintiffs seek an order permitting three site inspections at each of the six SCE facilities to conduct storm water and sediment sampling and make visual observations.  Id. at 2.  The parties filed a Joint Stipulation pursuant to Local Civil Rule 37-2.  Dkt. 39-1.  On December 17, 2020, defendant SCE and Plaintiffs filed supplemental briefs.  Dkts. 46, 48.  For the reasons stated below, the Court GRANTS IN PART Plaintiffs' Motion.

**I.**
**BACKGROUND**

On October 21, 2020, Plaintiffs filed their first Motion to Compel Site Inspections with a Joint Stipulation pursuant to Local Civil Rule 37-2.  Dkts. 28, Mot.; 28-1, JS.  Plaintiffs sought an

---

[1]     Plaintiffs list six SCE facilities in their First Request for Entry Upon Designated Property to defendant SCE: "(1) SCE Pardee Substation Helistop, Santa Clarita, CA 91355; (2) 10060 Telegraph Road, Ventura, CA 93004; (3) 1325 & 1241 S Grand Ave, Santa Ana, CA 92705; (4) 103 David Love Place, Goleta, CA 93117; (5) 14155 Bake Parkway, Irvine, CA 92618; and (6) 1721 22nd Street, Santa Monica, CA 90404."  Dkt. 39-2, Declaration of Brian Orion in Support of Joint Stipulation Regarding Motion to Compel Site Inspections, ¶ 8, Ex. 3 at 3–4.

order compelling defendant SCE to permit Plaintiffs entry upon six SCE facilities and three site inspections at each of these facilities to conduct storm water and sediment sampling and make visual observations.  Id.  The Court will not detail the background of the first Motion to Compel Site Inspections here, but refers to the background section outlined in the November 19, 2020 Order Denying Plaintiffs' First Motion to Compel, dkt. 35.

The Court's November 19, 2020 Order deemed Plaintiffs' First Request for Entry Upon Designated Property ("Request") served as of November 17, 2020.  Id. at 5; see also dkt. 39-2, Declaration of Brian Orion in Support of Joint Stipulation Regarding Motion to Compel Site Inspections ("Orion Decl."), ¶ 8, Ex. 3.  Plaintiffs' Request maintains "Plaintiffs will comply in full with the terms of [the] Request and any additional requirements or limitations established in any Court order on a motion to compel relating to this Request."  Id., ¶ 8, Ex. 3 at 7.

On November 30, 2020, defendant SCE served its Response to Plaintiffs' Request.  Id. ¶ 27, Ex. 8; dkt. 40, Declaration of J. Tom Boer in Support of Joint Stipulation Regarding Motion to Compel Site Inspections ("Boer Decl."), ¶ 6.

On December 1, 2020, defendant SCE's counsel asked Plaintiffs' counsel if he intended to "provide a written letter identifying each issue/request in dispute and the Plaintiffs' position on those issues, consistent with LR 37-1[.]"  Boer Decl., ¶ 7, Ex. D.  That same day, Plaintiffs' counsel responded the request for a written letter was "disingenuous" because 1) Plaintiffs had already sent defendant SCE "multiple written communications expressing [their] desire for three site inspections at six SCE facilities"; 2) the parties had multiple oral discussions concerning Plaintiffs' Request; 3) Plaintiffs "submitted multiple briefs to the Magistrate Judge setting forth the parties' views"; and 4) defendant SCE served a Response to Plaintiffs' Request "which effectively recycles the positions that [the parties had] discussed at great length and [Plaintiffs] repeatedly informed [defendant] SCE are unacceptable."[2]  Id. ¶ 8, Ex. E at 2.

On December 1, 2020, Plaintiffs' counsel and defendant SCE's counsel also met and conferred about Plaintiffs' Request.  Id., ¶ 9.  During this meet and confer, defendant SCE's counsel explained defendant SCE required at least forty-eight hours of advance notice before inspection because of 1) COVID-19 safety measures and 2) "the need to ensure both an SCE employee was available to escort the parties attending the inspection and SCE's consultant was available to obtain and process split samples collected during the inspection."  Id.  Defendant SCE's counsel also requested Plaintiffs "provide [defendant] SCE with precedent to support their position that three rounds of inspections of the same facility was reasonable or regularly pursued in Clean Water Act citizen suit litigation."  Id.

On December 2, 2020, Plaintiffs' counsel informed defendant SCE's counsel that "[u]nless [defendant] SCE agrees to permit Plaintiffs to conduct the site inspections in accordance with the exact terms of the site inspection request, there is no more to be discussed . . . and Plaintiffs intend to move to compel."  Id., ¶ 13, Ex. I.  That same day, defendant SCE's counsel responded asking

---

[2]     The Court finds when defendant SCE requested a written letter prior to the December 1, 2020 meet and confer, defendant SCE already knew "each issue and/or discovery request in dispute," Plaintiffs' position on "each issue/request," and "the terms of the discovery order to be sought."  See L.R. 37-1.  Accordingly, the Court finds Plaintiffs have not violated Local Civil Rule 37-1 in bringing the instant Motion.

Plaintiffs to refrain from sending their portion of the Joint Stipulation until they received defendant SCE's proposal to resolve the matter.  Id., ¶ 14, Ex. J.

On December 3, 2020, defendant SCE's counsel emailed Plaintiffs' counsel a copy of SCE's written proposal to resolve the dispute over the Request.  Id., ¶ 17, Ex. L at 3–6.  The proposal explained defendant SCE was willing to stipulate "(i) stormwater leaves the sites subject to [Plaintiffs' Request], and (ii) that any stormwater, including stormwater that leaves these particular facilities, will contain some concentration of 'pollutants,' as the term is defined under Section 1326(6) of the Clean Water Act."  Id. at 4.  Alternatively, the proposal stated defendant SCE was willing to allow Plaintiffs to conduct site inspections and collect storm water samples at the three facilities Plaintiffs have not yet conducted site inspections: the Irvine, Santa Monica, and Goleta facilities.  Id.  Defendant SCE's proposal stated these site inspections could occur according to the terms of Plaintiffs' Request but with several caveats: 1) at least forty-eight hours of advance notice before any site inspection; 2) "no videographing/audio recording" during the site inspections; 3) a limit of the total number of Plaintiffs' representatives and consultants to no more than four people to minimize COVID-19 exposure risks; 4) Plaintiffs' compliance with defendant SCE's COVID-19 restrictions; and 5) a limit to the time Plaintiffs are onsite "to no more than four hours during the day noticed for inspection."  Id. at 5.

On the same day, Plaintiffs' counsel responded that Plaintiffs declined to agree to either alternative in defendant SCE's proposal.  Id., ¶ 18, Ex. M.  Plaintiffs, however, agreed to comply with defendant SCE's COVID-19 restrictions as discussed in defendant SCE's counsel's proposal.  Id.; see id. ¶ 17, Ex. L at 5.

On December 10, 2020, Plaintiffs filed the instant Motion with a Joint Stipulation pursuant to Local Civil Rule 37-2 seeking an order compelling defendant SCE to permit three site inspections at six SCE facilities to conduct storm water and sediment sampling and make visual observations.  Dkts. 39, Mot.; 39-1, JS.  On December 17, 2020, the parties submitted supplemental briefs.  Dkts. 46, 48.

The matter thus stands submitted.

**II.**
**DISCUSSION**

**A.    RELEVANT LAW**

Under Federal Rule of Civil Procedure 34 ("Rule 34"), a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  FED. R. CIV. P. 34(a)(2).  In turn, "[t]he party to whom the request is directed must respond in writing within 30 days after being served[.]"  FED. R. CIV. P. 34(b)(2).

A party may seek an order compelling an inspection of property when the requested party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  FED. R. CIV. P. 37(a)(3)(B)(iv).  The party seeking to compel an inspection under Rule 34 "has the initial burden of demonstrating relevance."  McDaniels v. United States, No. 5:14-

cv-02594-VBF (JDEx), 2020 WL 888147, at *2 (C.D. Cal. Jan. 10, 2020). "Following that showing (or if relevance is plain from the face of the request), the party who resists discovery then has the burden to show that discovery should not be allowed, and carries the 'heavy burden of clarifying, explaining, and supporting its objections.'" Lenard v. Sherwin-Williams Co., No. 2:13-cv-2548 KJM AC, 2015 WL 854752, at *1 (E.D. Cal. Feb. 26, 2015) (citing Blankenship v. Hearst Corp, 519 F.2d 418, 429 (9th Cir. 1975).

## B.    ANALYSIS

As an initial matter, the Court notes Plaintiffs' request for site inspections at six SCE facilities satisfies the relevance requirement under Federal Rule of Civil Procedure 26(b)(1). See FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."). Plaintiffs' Second Amended Complaint ("SAC") asserts defendant SCE is in violation of 1) the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1), by discharging pollutants from its facilities to United States waters in the absence of a National Pollutant Discharge Elimination System ("NPDES") permit; and 2) Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), by discharging dioxins and other solids from waste from defendant SCE's facilities. Dkt. 19. Sampling of storm water discharges from defendant SCE's facilities and visual observations of site conditions could indicate storm water discharges contain elevated levels of dioxins and support Plaintiffs' claims. The Court, thus, finds the proposed site inspections of the six SCE facilities would be highly relevant to Plaintiffs' claims. See FED. R. CIV. P. 26(b)(1).

To the extent defendant SCE argues the requested site inspections are premature because they seek to bifurcate this action, the Court is not persuaded. At this point, the case has not been bifurcated. Moreover, even assuming defendant SCE's pending motion to bifurcate is granted, the precise contours of bifurcation have yet to be determined. In addition, as noted in Judge Birotte's September 24, 2020 Order, "[t]he Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference."[3] Dkt. 22 (emphasis in original). Moreover, as this Court has previously recognized, it is undisputed that site inspections can only occur during a rainy season, and we are now in Southern California's limited rainy season. See dkt. 35 at 5. Accordingly, consistent with Judge Birotte's Order, and in order to permit highly relevant discovery during the ongoing rainy season, the Court finds it appropriate to permit Plaintiffs to conduct site inspections at this time.

However, while the proposed site inspections are relevant, the Court finds the following limitations on the scope and conditions are appropriate.

///
///
///
///

---

[3]    In the December 3, 2020 proposal, defendant SCE appeared willing to conduct discovery before the Scheduling Conference and said it was willing to allow Plaintiffs to conduct site inspections and collect storm water samples at the three facilities Plaintiffs have yet to conduct site inspections: the Irvine, Santa Monica, and Goleta facilities. Boer Decl., ¶ 17, Ex. L at 4.

### 1. Plaintiffs Shall Provide Defendant SCE with At Least Forty-Eight Hours Advance Notice before Any Site Inspection

Plaintiffs' Request states, "In no event shall the advance notice be made less than 24 hours in advance of a site visit." Orion Decl., ¶ 8, Ex. 3 at 5. Defendant SCE, however, argues it needs more than twenty-four hours "to commit necessary resources to support a site inspection and to ensure the safety of facility staff due to COVID-19 risk." Dkt. 39-1 at 38. Defendant SCE states the COVID-19 pandemic has presented "challenges" and forced it to "implement several additional processes and procedures at its facilities . . . to ensure that SCE continues to provide safe and reliable electric service . . . while guarding against the potential widespread absenteeism (employee and contractor) that could result because of the pandemic." Dkt. 42, Declaration of Scot Stueland ("Stueland Decl."), ¶ 9. Defendant SCE states it needs "at least 48 hours of advance notice before any site inspections to ensure it has adequate time to process the COVID-19 questionnaires [from visitors] and identify employees who are available to escort visitors." Id., ¶ 19.

Plaintiffs' Request for twenty-four hours advance notice stems from the parties' written site access agreement executed on February 20, 2020, prior to the current conditions surrounding the COVID-19 pandemic. Orion Decl., ¶ 9. In light of the ongoing surge in COVD-19 cases, the Court finds a mere twenty-four hours notice to be unduly burdensome. Accordingly, Plaintiffs shall provide defendant SCE with at least forty-eight hours of advance notice before any site inspection.

### 2. Plaintiffs Shall Be Permitted to Conduct Three Rounds of Inspections at Each of the Six SCE Facilities

Plaintiffs' Request states "Plaintiffs intend to inspect each of the SCE FACILITIES three times." Orion Decl., ¶ 8, Ex. 3 at 4. Defendant SCE, however, argues "Plaintiffs' insistence on three-rounds of inspections of the same facility is unreasonable and without precedent." Dkt. 39-1 at 40. Defendant SCE argues "written discovery would be a more effective, and less burdensome, method to characterize any changes in site conditions over time as compared to multiple, random inspections[.]" Id. Defendant SCE further argues COVID-19 concerns exasperate the burden of conducting three rounds of inspections at the same facility. Id.

The Court finds defendant SCE has failed to show Plaintiffs' request for three rounds of inspections are unduly burdensome. First, the Court finds written discovery may not be sufficient in light of the clear fact that conditions, including those surrounding the treated wooden utility poles and treated wood waste, as well as the source of the alleged pollutants, change over time. Thus, the three rounds of site inspections at the same facility is highly relevant to assess the change in site conditions or the nature and levels of pollutants in storm water runoff. In addition, while the Court understands the constraints on defendant SCE's operations due to the COVID-19 pandemic, the Court finds any additional burden is outweighed by the need to obtain highly relevant information. Accordingly, Plaintiffs shall be permitted to conduct three rounds of site inspections at each of the six SCE facilities.

### 3. Plaintiffs Shall Be Permitted to Videotape But Not Audiotape During Site Inspections

Plaintiffs seek to conduct inspection activities during each site inspection, including "the taking of photographs and video of areas observed and where samples are collected." Orion Decl.,

¶ 8, Ex. 3 at 4–5.  Defendant SCE, however, argues "[t]here is no reasonable basis to argue that photographs are inadequate to meet Plaintiffs' reasonable evidence collection needs."  Dkt. 39-1 at 42.  Defendant SCE claims a "videotaped site inspection would unnecessarily disrupt the essential grid operations at SCE's restricted facilities and raise significant safety risks because of the industrial setting of the SCE facilities."  Id. at 43; Stueland Decl., ¶ 19.

The Court finds video evidence to be highly probative of the issues in dispute.  Among other things, video recording will capture the movement of drips and oily sheens running from the treated wooden utility poles that still photographs will not.  Plaintiffs, however, fail to justify any need to take audio recordings of the site inspections.  See dkts. 39-1; 48.  Accordingly, Plaintiffs shall be permitted to take video, but not audio, recordings of the site inspections.

4.   **Plaintiffs Shall Be Permitted up to Four Hours of Access for Each Site Inspection**

Plaintiffs' Request states, "Visits must occur within the hours of 9:00 a.m. to 5:00 p.m., Monday through Friday."  Orion Decl., ¶ 8, Ex. 3 at 5.  Plaintiffs further explain that "[t]he purpose of seeking 8 hours for each inspection is not to actually be on site for the full 8 hours, but to permit Plaintiffs to have the right to come on-site during this 8-hour window when the rain is falling."  Dkt. 39-1 at 26–27.  Plaintiffs do not dispute that inspection and sampling should not require more than four hours.  See dkts. 39-1; 48.  Defendant SCE, however, argues "[r]equiring an eight-hour period for each site inspection is unduly burdensome when the inspection and sampling Plaintiffs seek should not require more than four hours."  Dkts. 39-1 at 43; 41, Declaration of Brandon Steets ("Steets Decl."), ¶ 13.  Defendants further explain that "eight-hour inspections, which is the length of the entire working day at each facility, is simply not proportional to the needs of the case."  Dkt. 39-1 at 44 (citing FED. R. CIV. P. 26(b)(1)).

While Plaintiffs' Request does not state Plaintiffs will conduct site inspections for eight hours, the Request appears to permit Plaintiffs to conduct site inspections for as long as eight hours.  However, site inspections at facilities like defendant SCE's facilities appear to typically require between one to four hours.  The Court thus finds allowing eight hours of site access would be unduly burdensome.  Accordingly, the Court orders defendant SCE to permit Plaintiffs up to four hours to conduct each site inspection.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' second Motion to Compel is **GRANTED IN PART** (dkt. 39) as follows:

(1) Plaintiffs shall be permitted to conduct three site inspections upon six SCE facilities to conduct storm water and sediment sampling and make visual observations;
(2) Plaintiffs shall provide defendant SCE with forty-eight hours advance notice of the date of the inspections;
(3) Plaintiffs shall be permitted to make video, but not audio, recordings of the site inspections;
(4) Plaintiffs shall have up to four hours to conduct each site inspection; and

(5) Plaintiffs shall comply with defendant SCE's COVID-19 restrictions.[4]

_____

[4]     In a December 3, 2020 email, Plaintiffs agreed to comply with defendant SCE's COVID-19 restrictions.  Boer Decl., ¶ 18, Ex. M at 2.

Defendant SCE's COVID-19 restrictions require Plaintiffs to complete "a visitor screening questionnaire and onsite symptoms check."  Id., ¶ 17, Ex. L at 5.  Defendant SCE's COVID-19 restrictions also provide:

> Should any of [Plaintiffs'] consultants or representatives or someone they have been in close contact with, be experiencing any COVID-19 symptoms, they will not be allowed on to SCE facilities.  Likewise, Plaintiffs' consultants and representatives must have their own safety vests, safety glasses, masks, and hardhats and wear long sleeved shirts/plants and non-athletic type-non-mesh closed toe shoes[.]

Id.