UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOT LINE CONSTRUCTION, INC. et al., <br><br> Defendants. | Case No. 20-01108 AB (KKx) <br><br> **STIPULATION and [Proposed] ORDER RE: CONSENT DECREE** <br><br> *SEE ADDITIONAL ORDER AFTER COUNSEL SIGNATURES* |

**WHEREAS**, Plaintiff Ecological Rights Foundation ("EcoRights") is a non-profit public benefit corporation dedicated to the preservation, protection, and restoration of the environment, the wildlife and the natural resources of all waters of California, and Plaintiff Santa Barbara Channelkeeper ("SBCK") is a non-profit public benefit corporation whose mission is to protect and restore the Santa Barbara Channel and its watersheds through science-based advocacy, education, field work and enforcement;

**WHEREAS**, Defendant Hot Line Construction, Inc. ("Hot Line") is a high voltage electrical contractor that provides various services to, *inter alia*, Southern California Edison in the latter's maintenance of an electrical supply grid, the wires for

1.

which are suspended by utility poles that are treated with various wood preservatives;

**WHEREAS**, in Civil Case No. 5:20-cv-01108-AB-KK, on May 29, 2020, EcoRights and SBCK filed a complaint in this action;

**WHEREAS**, EcoRights and SBCK's Complaint alleges, in relevant part, that Hot Line has contributed or is contributing to the past or present handling, storage, treatment, transportation or disposal of pentachlorophenol and dioxins, that may present an imminent and substantial endangerment to health or the environment, in violation of Resource Conservation and Recovery Act ("RCRA") section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B);

**WHEREAS**, Hot Line denies the occurrence of the violations alleged in the Plaintiffs' Notice Letter and Complaint, including because it contends RCRA is not applicable under the law or circumstances. Hot Line further denies that its Facility at issue (or operations thereon) are causing or otherwise contributing to an imminent and substantial endangerment pursuant to RCRA. Hot Line does not admit any liability arising out of the allegations or occurrences alleged in the Notice Letter or the Complaint. Hot Line further maintains that it has complied with all applicable provisions of RCRA and that the subject Facility is not causing an imminent and substantial endangerment;

**WHEREAS**, the Parties have agreed to enter into the Consent Decree attached as Exhibit A in an effort to efficiently and cost-effectively resolve the claims against Hot Line in the Action. The terms in this Consent Decree are negotiated solely for the purpose of this settlement and are not an admission by any of the Parties as to the applicability of any law or regulation or any liability under any law or regulation; and

**WHEREAS**, EcoRights, SBCK, and Hot Line (each a "Party" and collectively referenced herein as the "Parties") acknowledge that this Consent Decree has been negotiated by the Parties in good faith, will avoid the continued expense, uncertainty, and time of litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1. The parties stipulate to the entry of the Consent Decree attached as Exhibit A and hereby jointly request the Court to enter the Consent Decree as a judgment in this matter resolving all claims other than Plaintiffs' claim for attorneys fees and costs pursuant to 42 U.S.C. § 6972(e).

2. Upon the Court's approval of this Stipulation, the attached Consent Decree shall be deemed entered as the judgment of this Court as requested in paragraph 1.

3. Upon entry of the attached Consent Decree, all claims alleged in the Complaint against Hot Line through the Termination Date of the Consent Decree shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) concurrently with the District Court's retention of jurisdiction for the enforcement of the Consent Decree and resolution of Plaintiffs' claim for attorneys fees and costs pursuant to 42 U.S.C. § 6972(e) as provided herein.

4. The parties stipulate that upon entry of the Consent Decree, Plaintiffs are prevailing or substantially prevailing parties within the meaning of 42 U.S.C. § 6972(e). The parties further acknowledge that the Plaintiffs are seeking recovery of their attorneys fees and costs incurred in this matter pursuant to 42 U.S.C. § 6972(e), a matter that the Consent Decree reserves for future resolution.

5. The parties shall engage in good faith negotiation concerning and attempt to reach agreement resolving Plaintiffs' attorney fee and cost recovery request. Plaintiffs shall provide Hot Line updated itemized billing records and an itemized accounting of case costs by October 27, 2023 along with a proposal for Plaintiffs' attorneys fees and costs recovery. Hot Line shall provide a counteroffer response by December 8, 2023. The parties shall thereafter attempt to negotiate a mutually acceptable resolution. If the Parties are unable to reach agreement on Plaintiffs'

attorneys fees and cost recovery, Plaintiffs shall have until January 8, 2024 to file a motion for attorneys fees and costs.

DATED: Oct. 9, 2023

*Christopher A. Sproul*
───────────────────────
Christopher Sproul
Attorney for Plaintiffs
Ecological Rights Foundation and Santa Barbara Channelkeeper

DATED: Oct. 9, 2023

*s/John Poulos*
John Poulos
Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendant Hot Line Construction, Inc.

==As further discussed on the record, Defendant Hot Line Construction must file a Notice attaching the No Further Action letter (or its functional equivalent) promptly upon its issuance.==

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 11, 2023

───────────────────────
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

Christopher Sproul (State Bar No. 126398)
csproul@enviroadvocates.com
Brian Orion (State Bar No. 239460)
borion@enviroadvocates.com
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695

Matthew C. Maclear (Bar No. 209228)
mcm@atalawgroup.com
ATA Law Group
4030 Martin Luther King, Jr. Way
Oakland, CA 94609
Telephone: (916) 202-3018

Attorneys for Plaintiffs
ECOLOGICAL RIGHTS FOUNDATION and
SANTA BARBARA CHANNELKEEPER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>HOT LINE CONSTRUCTION, INC. and SOUTHERN CALIFORNIA EDISON,<br><br>            Defendants. | Case No. 5:20-cv-01108-AB-KK<br><br>[Proposed] CONSENT DECREE |

**WHEREAS**, Plaintiff Ecological Rights Foundation ("EcoRights") is a non-profit public benefit corporation dedicated to the preservation, protection, and restoration of the environment, the wildlife and the natural resources of all waters of California, and Plaintiff Santa Barbara Channelkeeper ("SBCK") is a non-profit public benefit corporation whose mission is to protect and restore the Santa Barbara Channel and its watersheds through science-based advocacy, education, field work and enforcement;

**WHEREAS**, Defendant Hot Line Construction, Inc. ("Hot Line") is a high voltage electrical contractor that provides various services to, *inter alia*, Southern California Edison in the latter's maintenance of an electrical supply grid, the wires for which are suspended by utility poles that are treated with various wood preservatives;

**WHEREAS**, in Civil Case No. 5:20-cv-01108-AB-KK, on May 29, 2020, EcoRights and SBCK filed a complaint in this action;

**WHEREAS**, EcoRights and SBCK's Complaint alleges, in relevant part, that HOT LINE has caused or contributed to the past or present handling, storage, treatment, transportation or disposal of wastes, including treated wood wastes and contaminated soils, that may present an imminent and substantial endangerment to health or the environment, in violation of Resource Conservation and Recovery Act ("RCRA") section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B);

**WHEREAS**, Hot Line denies the occurrence of the violations alleged in the Plaintiffs' Notice Letter and Complaint, including because it contends RCRA is not applicable under the law or circumstances. Hot Line further denies that its Facility at issue (or operations thereon) are causing or otherwise contributing to an imminent and substantial endangerment pursuant to RCRA. Hot Line does not admit any liability arising out of the allegations or occurrences alleged in the Notice Letter or the Complaint. Hot Line further maintains that it has complied with all applicable provisions of RCRA and that the subject Facility is not causing an imminent and substantial endangerment;

**WHEREAS**, the Parties enter into this Consent Decree in an effort to efficiently and cost-effectively resolve the claims against Hot Line in the Action. The terms in this

Consent Decree are negotiated solely for the purpose of this settlement and are not an admission by any of the Parties as to the applicability of any law or regulation or any liability under any law or regulation; and

**WHEREAS**, EcoRights, SBCK, and Hot Line (each a "Party" and collectively referenced herein as the "Parties") acknowledge that this Consent Decree has been negotiated by the Parties in good faith, will avoid the continued expense, uncertainty, and time of litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

**I.    DEFINITIONS**

1. Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in RCRA or in regulations or rules promulgated under the RCRA have the meaning assigned to them in the statute or regulations or rules. Whenever terms listed below are used in this Consent Decree, the following definitions apply:

"Consent Decree" means this Consent Decree and any attachments or documents incorporated by reference.

"Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day of such period is a Saturday, Sunday, or Federal or State Holiday, the period runs until the close of business on the next day that is not a Saturday, Sunday, or Federal or State Holiday.

"DTSC" means the California Department of Toxic Substances Control.

"Effective Date" means the effective date of this Consent Decree, which shall be the day upon which the Consent Decree is executed by all the parties.

"Facility" means the former Hot Line service center located on Robert Keister Road in Santa Barbara, California.

"Regional Board" means the California Regional Water Quality Control Board for the Central Coast Region.

"Wet Season" means the seven-month period beginning October 1st of any given year and ending May 1 of the following year.

## II. DISMISSAL AND JURISDICTION

1. <u>Dismissal</u>. No later than within ten (10) Days of the Effective Date, the Parties shall file with the District Court a Stipulation and Order that shall provide that all claims alleged in the Complaint against Hot Line through the Termination Date of this Consent Decree shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) concurrently with the District Court's retention of jurisdiction for the enforcement of this Consent Decree as provided herein.

2. <u>Venue and Continuing Jurisdiction</u>. For purposes of this Consent Decree only, the Parties stipulate that venue is proper in the District Court and none of the Parties contests the exercise of jurisdiction by the District Court for purpose of overseeing implementation of the Consent Decree, any dispute resolution or enforcement pursuant to this Consent Decree, or in response to any motion to modify the Consent Decree pursuant to Federal Rule of Civil Procedure 60.

## III. REMEDIAL MEASURES

3. Within 30 days of entry of the decree, Hot Line shall formally enter into the Regional Board's Site Cleanup Program (SCP) and further enroll in the Regional Board's Oversight Cost Recovery Program. Thereafter, Hot Line shall enter into such agreement with the Regional Board needed for Hot Line's participation in the SCP. Hot Line shall thereafter pursue a No Further Action decision or equivalent closure decision that equates to a Regional Board determination that the Facility and any areas that may have been contaminated by Hot Line's former operations at the Facility are clean to a level not requiring any further remediation in accord with the Regional Board's applicable standards. The Facility will be remediated to the satisfaction of the Regional Board or, in the alternative as provided below, the DTSC.

4. Should the Regional Board decline oversight authority, Hot Line shall, within 15 days of that decision, enter a Voluntary Cleanup Agreement with DTSC for its oversight of the investigation and cleanup and pursue a No Further Action decision or equivalent closure decision that equates to a DTSC determination that the Facility and any areas that may have been contaminated by Hot Line's former operations at the Facility are clean to a level not requiring any further remediation in accord with the applicable agency's applicable standards with DTSC as directed by that agency.

5. In its participation in either the Regional Board's SCP or the DTSC's Voluntary Cleanup Agreement program, Hot Line shall provide all available information concerning sampling of soils and stormwater runoff from the Facility and sampling of soils in areas where stormwater runoff from the Facility is conveyed, and any other information that is required by the agencies, upon initiating the investigation and cleanup process. As part of its good faith pursuit of approvals through one of these programs, Hot Line shall promptly respond to the applicable agency's requests for additional information or investigation and shall provide any such information and/or perform such additional investigations requested unless excused from doing so pursuant to paragraph 6.

6. If Hot Line wishes to not provide information or perform investigations that the Regional Board or DTSC requests, it shall be Hot Line's burden to establish that such administrative determination by the agency is arbitrary and capricious in accord with the standard established by the Administrative Procedure Act, 5 U.S.C. § 706, or the California law equivalent, as interpreted by prevailing case law.

7. Hot Line shall promptly perform such Facility remediation and remediation of any off-site soils or sediment contamination that the Regional Board or DTSC determines is necessary to issue a No Further Action decision or equivalent closure decision that equates to a Regional Board or DTSC determination that the Facility and any areas that may have been contaminated by Hot Line's former operations at the Facility are clean to a level not requiring any further remediation in accord with the applicable agency's applicable standards.

8. Hot Line shall comply with all applicable California laws and regulations regarding disposal of any waste generated at or removed from the Facility.

9. Hot Line shall contemporaneously copy Plaintiffs on all communications sent to or received from the Regional Board or DTSC and the City of Santa Barbara concerning remediation of the Facility in accord with this Consent Decree and the directives of the Regional Board or DTSC.

10. Hot Line shall place sandbags around the perimeter of the Facility by November 1, 2023 to prevent offsite migration of pollutants during the Wet Season. Hot Line shall maintain such sandbags in intact and functional condition until such time as the applicable oversight agency agrees to their removal.

## IV. WAIVER, RELEASE, AND COVENANT

11. <u>EcoRights and SBCK's Waiver and Release</u>. Upon the Effective Date of this Consent Decree, EcoRights and SBCK, on their own behalf and on behalf of their members, subsidiaries, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, release Hot Line and its officers, directors, employees, shareholders, parents, subsidiaries, predecessors, successors, and assigns, and affiliates, and each of its agents, attorneys, consultants, and other representatives, including those named in their original Notice Letter predating filing this action and/or Complaint, and the Ecological Rights Foundation's September 2023 citizen suit notice letter to Hot Line and additional parties concerning alleged violations associated with transport and disposal of soils excavated from the Facility, (each a "Released Defendant Party") from, and waive all claims which arise from their Notice Letters and/or Complaint, including, without limitation, all claims for injunctive relief, damages, penalties, fines, sanctions, mitigation, incurred or claimed or which could have been claimed, for the alleged failure of Hot Line to comply with RCRA, at the Facility, up to the Termination Date. Plaintiffs further hereby withdraw their September 2023 citizen suit notice letter referred to above and release all parties named in that notice letter from all claims arising out of the facts alleged in that notice letter. Notwithstanding the foregoing, Plaintiffs, as prevailing or

substantially prevailing parties, shall be entitled to seek recovery of their attorneys fees and costs incurred in this action in accord with paragraph 18 below.

12. <u>Hot Line's Waiver and Release</u>. Hot Line, on its own behalf and on behalf of any Released Defendant Party under its control, releases EcoRights and SBCK (and their officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of its successors and assigns, and its agents, attorneys, and other representative) from, and waives all claims which arise from the Notice Letter and/or Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with the Notice Letter and/or Complaint up to the Termination Date.

13. <u>EcoRights and SBCK's Covenant Not to Sue</u>. Except for the enforcement of this Consent Decree, beginning on the Effective Date and terminating on the Termination Date, EcoRights and SBCK agrees that neither EcoRights and SBCK, their officers, executive staff, members of their governing boards nor any organization under the control of EcoRights and SBCK, their officers, executive staff, or members of their governing boards, will serve any notice of intent to sue nor file any lawsuit against Hot Line under any federal, State or local environmental laws in connection with the subject matter of this Consent Decree, the Ecological Rights Foundation's September 2023 citizen suit notice letter to Hot Line concerning alleged violations associated with transport and disposal of soils excavated from the Facility, and this Action, for the Facility, including, without limitation, all claims for injunctive relief, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum, incurred or claimed or which could have been claimed related thereto. Any such notice of intent to sue or lawsuit filed by EcoRights and SBCK after the Termination Date shall not include any such claims for such actions up to and including the Termination Date. This covenant not to sue shall not be construed as preventing Plaintiffs from seeking a court order for recovery of their attorneys fees and costs incurred in this action.

14. The Parties acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

While EcoRights and SBCK asserts that California Civil Code section 1542 applies to general releases only, and that the release in Paragraph 11 above is a limited release, the Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the Notice Letter and/or the Complaint, up to and including the Effective Date of this Consent Decree.

## V.   EFFECTIVE DATE AND PARTIAL OR FULL TERMINATION

15. This Consent Decree shall be effective upon mutual execution by all Parties (the "Effective Date"). The Court shall retain jurisdiction to enforce compliance with this Consent Decree, to resolve the remaining issue concerning Plaintiffs' request for reimbursement of their attorneys fees and costs pursuant to 42 U.S.C. § 6972(e) and to resolve any disputes in accordance with Part VI.

16. The Consent Decree shall terminate upon Hot Line's obtaining the No Further Action letter, or its functional equivalent, referred to in Paragraphs 3-7 above and resolution of Plaintiffs' claim for reimbursement of their attorneys' fees and costs.

## VI.   DISPUTE RESOLUTION AND ENFORCEMENT OF CONSENT DECREE

17. If a dispute under this Consent Decree arises or any Party believes that a breach of this Consent Decree has occurred (collectively, a "Dispute"), prior to the Termination Date, the Party raising the Dispute shall give written notice describing the nature of the Dispute to the other Parties ("Dispute Notice"). Such Dispute Notice must be provided no later than ninety (90) Days after a Party has actual knowledge of the relevant facts giving rise to the Dispute. If less than ninety (90) Days remain prior to the

Termination Date, such Dispute Notice must be provided no later fourteen (14) Days after a Party has actual knowledge of the relevant facts giving rise to the Dispute. Resolution of a particular Dispute, if timely noticed and prosecuted in accordance with the procedure and time schedule set forth in this Paragraph, shall, if necessary, extend beyond the Termination Date, but shall not otherwise act to extend the Termination Date for any matter not subject to the particular Dispute.

18. Within fourteen (14) Days of delivering the Dispute Notice to the other Parties, or as soon as reasonably achievable thereafter as agreed by the Parties, the Parties shall meet and confer about whether a breach has occurred and, if needed, develop a mutually agreed upon plan, including implementation dates, to resolve the Dispute. Such a plan can include, but is not required to include, an agreement to engage in a mediation process—including retention of a mediator—in an effort to resolve the Dispute. Each Party shall be responsible for its own attorneys' fees and costs during the meet and confer dispute resolution process, except as provided by the following Paragraph.

19. If the Parties fail to timely meet and confer, or the meet-and-confer does not resolve the Dispute, after (i) at least seven (7) Days have passed after the meet and-confer occurred, or (ii) twenty one (21) Days after delivery of the Dispute Notice to the other Parties, whichever is later, any Party may file a motion with the District Court for the limited purposes of enforcement of the terms of this Consent Decree or resolution of any Dispute otherwise arising under the terms of this Consent Decree. No Party shall be entitled to file such motion unless it has provided a Dispute Notice and used best efforts to meet and confer in good faith as provided in this Part. In any judicial dispute resolution proceeding between the Parties in connection with this Consent Decree and consistent with this Paragraph, the prevailing Party shall be entitled to seek its reasonable attorneys' fees and costs in such proceeding pursuant to the standards set forth by 42 U.S.C. § 6972(e) and associated applicable case law.

VII.   **RESOLUTION OF PLAINTIFFS' REQUEST FOR**

## REIMBURSEMENT OF THEIR ATTORNEYS' FEES AND COSTS

20. The parties acknowledge that Plaintiffs are prevailing or substantially prevailing parties and are seeking recovery of their attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 6972(e) and that such recovery has not been resolved by this Consent Decree. The parties shall engage in good faith negotiation concerning and attempt to reach agreement resolving Plaintiffs' attorney fee and cost recovery request. Plaintiff shall provide Hot Line updated itemized billing records and an itemized accounting of case costs by October 27, 2023 along with a proposal for Plaintiffs' attorneys fees and costs recovery. Hot Line shall provide a counteroffer response by December 8, 2023. The parties shall thereafter attempt to negotiate a mutually acceptable resolution. If the Parties are unable to reach agreement on Plaintiffs' attorneys fees and cost recovery, Plaintiffs shall have until January 8, 2024 to file a motion for attorneys fees and costs.

## VIII. MISCELLANEOUS PROVISIONS

21. <u>No Admission</u>. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Nothing in this Consent Decree shall be construed as, and Hot Line expressly does not intend to imply, an admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Decree constitute or be construed as an admission by Hot Line of any fact, finding, conclusion, issue of law, or violation of law. However, this paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Consent Decree.

22. <u>Force Majeure</u>. No Party shall be considered to be in default in the performance of any of its obligations when a failure to perform is due to a "Force Majeure." A Force Majeure event is any circumstances beyond the Party's control, including, without limitation, any act of God, war, fire, earthquake, flood, and restraint by court order or public authority. A Force Majeure event does not include normal inclement weather or inability to pay. Any Party seeking to rely upon this paragraph shall have the

burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the Force Majeure.

23. <u>Binding on the Parties.</u> The terms of this Consent Decree shall be binding on all parties and its employees, officers, agents, divisions, subsidiaries, parent corporations, affiliates, successors in interest including subsequent purchasers, and assignees.

24. <u>Counterparts</u>. The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Consent Decree shall be valid as an original.

25. <u>Severability</u>. In the event that any one of the provisions of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

26. <u>Construction</u>. The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning. This Consent Decree shall be construed pursuant to California law, without regard to conflict of law principles.

27. <u>Authority to Enter Agreement</u>. The undersigned are authorized to execute this Consent Decree on behalf of its respective Parties and have read, understood and agreed to be bound by all of the terms and conditions of this Consent Decree.

28. <u>Integration</u>. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are contained herein. This Consent Decree and the attachments contain all of the terms and conditions agreed upon by the Parties relating to the matters covered by the Consent Decree, and supersede any and all prior and contemporaneous Consent Decrees, negotiations, correspondence, understandings and communications of the Parties, whether oral or written, respecting the matters covered by this Consent Decree. This Consent Decree may be amended or modified only by a writing signed by the Parties or its authorized representatives.

29. <u>Agreement for the Benefit of the Parties</u>. This Consent Decree and its

1  attachments are made for the sole benefit of the Parties, and no other person or entity
2  shall have any rights or remedies under or by reason of this Consent Decree, unless
3  otherwise expressly provided for therein.

4      30.    <u>Notices</u>. Any notices or documents required or provided for by this Consent
5  Decree or related thereto that are to be provided to EcoRights and SBCK pursuant to this
6  Consent Decree shall be sent by electronic mail transmission to the email addresses listed
7  below (unless electronic mail transmission is infeasible in which case electronic or paper
8  copies shall be hand-delivered or sent by U.S. Mail, postage prepaid, and addressed as
9  follows):

> Fredric Evenson
> Ecology Law Center
> PO Box 1000
> Santa Cruz, CA 95061-1000
> E-Mail: evenson@ecologylaw.com
>
> Christopher Sproul (State Bar No. 126398)
> Environmental Advocates
> 5135 Anza Street
> San Francisco, California 94121
> E-Mail: csproul@enviroadvocates.com
>
> Jason R. Flanders
> Aqua Terra Aeris Law Group
> 490 43rd St.
> Oakland, CA 94609
> E-Mail: jrf@atalawgroup.com

    31.    Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Hot Line shall be sent by electronic mail transmission to the email addresses listed below (unless electronic mail transmission is infeasible in which case electronic or paper copies shall be hand-delivered or sent by U.S. Mail, postage prepaid, and addressed as follows):

> Joseph A. Salazar Jr.
> Lewis Brisbois Bisgaard & Smith Llp

Ryan Matthews
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
E-Mail: Joe.Salazar@lewisbrisbois.com, Ryan.Matthews@lewisbrisbois.com

32. Each Party shall promptly notify the other of any change in the above-listed contact information.

33. <u>Electronic Signatures</u>. Signatures of the Parties transmitted by facsimile or email shall be deemed binding.

34. <u>Court Approval</u>. If for any reason the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use its best efforts to work together to modify the Consent Decree within thirty (30) calendar days so that it is acceptable to the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner, this Consent Decree shall become null and void.

35. <u>Representation by Counsel</u>. This Consent Decree shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Party on the ground that any such Party drafted it. Each of the Parties agrees that it has been represented by independent counsel of its choice during the negotiation of this Consent Decree and has had the opportunity to review the provisions of the Decree with its independent counsel in advance of execution.

36. <u>Headings and Captions</u>. The headings and captions used in the Consent Decree are for reference purposes only and shall not have any effect on the interpretation of the Decree.

DATED: Oct. 9, 2023

*/s/ Christopher A. Sproul*
———————————————
Christopher Sproul
Attorney for Plaintiffs
Ecological Rights Foundation and Santa Barbara Channelkeeper

DATED: Oct. 9, 2023

*s/ John Poulos*
John Poulos
Lewis Brisbois Bisgaard & Smith LLP
Attorneys for Defendant Hot Line Construction, Inc.