**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
RYAN MATTHEWS, SB# 311674
  E-Mail: Ryan.Matthews@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, HOT LINE
CONSTRUCTION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION and SANTA BARBARA CHANNELKEEPER, <br><br> Plaintiffs, <br><br> vs. <br><br> HOT LINE CONSTRUCTION, INC., <br><br> Defendant. | Case No. 5:20-cv-01108-AB-KK <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS** <br><br> Date:   March 15, 2024 <br> Time:   10:00 a.m. <br> Crtrm.: 7B <br><br> Judge:  Honorable André Birotte Jr. <br><br> Trial Date:    October 10. 2023 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136019269.1

1

**Table of Contents**

I.    INTRODUCTION ..................................................................................................... 1

II.   STANDARD OF REVIEW ON MOTIONS FOR ATTORNEYS' FEES.................... 2

III.    JAMES SCHRATZ'S AUDIT OF PLAINTIFFS' FEES JUSTIFIES
DISALLOWANCES OF PLAINTIFFS' REQUESTED FEES IN THE AMOUNT OF
$1,248,308.31 ................................................................................................................. 3

    A.  Plaintiffs' Counsel's Claimed Rates Are Excessive In Light of the Size of the Law
    Firm, Prevailing Market Rates, and Experience of Counsel ............................................. 3

    B.  Plaintiffs' Counsel Engaged in Excessive Intra-Office Conferencing........................ 4

    C.  Plaintiffs' Counsel Engaged Excessive Timekeepers ................................................. 4

    D.  Plaintiffs' Counsel's Timekeepers Billed Interchangeably As Attorneys, Paralegals,
    and Secretaries.................................................................................................................. 4

    E.  These Unreasonable Practices Justify a Reduction of $1,248,308.31......................... 5

IV.    PLAINTIFFS' FAILED PROSECUTION OF THE MAJORITY OF THEIR
CLAIMS AGAINST DEFENDANT AND UTILIZATION OF UNPRODUCTIVE,
MERITLESS LITIGATION TACTICS JUSTIFIES A FURTHER REDUCTION IN ANY
FEE AWARD ................................................................................................................... 5

    A.  Defendant Prevailed As to Plaintiffs' Clean Water Act Claims at  All Three Sites At
    Issue .................................................................................................................................. 6

    B.  Plaintiffs' Failed Pursuit of Civil Penalties Following their Stipulated Dismissal of
    their CWA Claim Constitutes a Further Basis for Reduction of their Requested Fees .... 8

    C.  Plaintiffs' Discovery Motion re Defendant's Other Operations and Subsequent
    Inaction ............................................................................................................................. 9

    D.  Plaintiffs Did Not Prevail Under RCRA As to Two of the Three Sites At Issue in the
    Complaint ........................................................................................................................ 10

V.   PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES FAILS TO ADDRESS THE
$1,175,000 THEY RECEIVED IN COMPENSATION FOR LITIGATION COSTS FOR
THESE SAME CLAIMS FROM SOUTHERN CALIFORNIA EDISON ........................ 11

VI.   CONCLUSION .................................................................................................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brown v. Stackler*,
  612 F.2d 1057 (7th Cir. 1980) ..................................................................................3

*Ecological Rights Foundation v. PG&E*,
  No. 11-16042 (9th Cir. 2013) ...................................................................................7

*EDF v. EPA*,
  672 F.2d 42 (D.C. Cir. 1982) ....................................................................................2

*Farris v. Cox*,
  508 F. Supp. 222 (N.D. Cal. 1981) ...........................................................................3

*Grano v. Barry*,
  783 F.2d 1104 (D.C. Cir. 1986) ................................................................................2

*Harman v. City and County of San Francisco*
  (2007) 158 Cal.App.4th 407 .....................................................................................7

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..................................................................................................2

*Jordan v. Department of Justice*,
  691 F.2d 514 (D.C. Cir. 1982) ..........................................................................2, 3, 10

*Trichilo v. Secretary of Health and Human Services*,
  823 F.2d 702 (2d Cir. 1987) ......................................................................................3

**Statutes**

33 U.S.C. § 1342 section 402 ..........................................................................................6, 7

42 U.S.C. § 6903(27) .......................................................................................................6, 7

42 U.S.C. § 6905(a) .............................................................................................................7

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136019269.1

2

## I.    <u>INTRODUCTION</u>

Defendant HOT LINE CONSTRUCTION, INC. submits the following Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Costs. Defendants do not contest the Costs component of Plaintiffs' Motion. Plaintiffs claim attorneys' fees in the amount of $2,511,095.09. This Opposition is aimed at the excessive request for attorneys' fees contained in Plaintiffs' Motion.

Defendant's Opposition contains two related, but distinct components. First, Defendant has retained James Schratz of James Schratz and Associates as an expert to conduct a full audit of Plaintiffs' requested attorneys' fees. Mr. Schratz has conducted that audit, and using the methodology described below, is recommending disallowances of Plaintiffs' claimed fees of approximately $1,248,308.31. This reduction is due to, among other things, excessive hourly rates, duplicative work by multiple timekeepers, and block billing.

The second component concerns the history of this litigation as a whole. Mr. Schratz's recommended reductions concern the reasonableness of Plaintiffs' counsel's billing practices. However, further substantial reduction of the claimed fees is necessary in this case because of the litany of unproductive, unwarranted, and meritless actions taken by Plaintiffs' counsel over the course of this lawsuit. Defendants freely acknowledges that, pursuant to the Consent Decree entered into by the parties before this Court, Plaintiffs are deemed the prevailing party on their cause of action under the Resource Conservation and Recovery Act ("RCRA"), and are entitled to an award of reasonable fees. Defendant further acknowledges that, in a vacuum, Plaintiffs' request for $2,511,095.09, in fees is not a facially unreasonable number in a RCRA action. Indeed, Plaintiffs argue repeatedly that this Court has granted similar fee requests in the past as though that provides a carte blanche for the present.

However, the Court cannot evaluate this fee request in a vacuum, and this case presents unique circumstances that warrant further reductions. Plaintiffs'

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136019269.1

1

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

achievements in this litigation are minimal in comparison with the remedies they sought at the outset of this litigation, and which they pursued at evidently great expense. Plaintiffs, for instance, failed in their attempt to establish Clean Water Act liability, and did not obtain the civil penalties they sought thereunder. Further, they did not prevail with respect to two of the three sites at which they alleged the presence of an imminent and substantial endangerment under RCRA. They also did not obtain the civil penalties they sought under RCRA—to which they never had any entitlement—or prospective injunctive relief requiring implementation of best management practices by Defendant.

What Plaintiffs actually achieved was a narrow injunction for cleanup of non-volatile materials at a one-acre, vacant industrial site. Along the way, they expended vast resources, and employed tactics that achieved nothing at all and, indeed, earned them rebuke from this Court. As described below, Defendant contends that these circumstances explain Plaintiffs' bloated fee request, and justify a further reduction to be determined by this Court.

II.    STANDARD OF REVIEW ON MOTIONS FOR ATTORNEYS' FEES

Courts determine an attorney's fee by multiplying the prevailing hourly rate (or "lodestar") by the number of attorney hours reasonably expended. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In deciding the reasonableness of the hours reported, courts properly disallow "time spent in duplicative, unorganized or otherwise unproductive effort." *Jordan v. Department of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982).  Although the Supreme Court has said that " [a] request for attorney's fees should not result [303 U.S.App.D.C. 90] in a second major litigation," Hensley, 461 U.S. at 437, 103 S. Ct. at 1941, when there is a dispute the "hours reasonably devoted to litigating attorney's fees are [also] compensable." *Grano v. Barry*, 783 F.2d 1104, 1113-14 (D.C. Cir. 1986). In such a case, as the court is "expert [ ] in assessing the reasonableness of an attorney's fee award," we "scrutinize an attorney's fees with particular care," *EDF v. EPA*, 672 F.2d 42, 54

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(D.C. Cir. 1982) (citation omitted).

Courts may deny in its entirety a request for an "outrageously unreasonable" amount, lest claimants feel free to make "unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place." *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980); accord *Jordan*, 691 F.2d at 518; *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 708 (2d Cir. 1987). In a case of less egregious overbilling, we may impose a lesser sanction, such as awarding a fee below what a "reasonable" fee would have been in order to discourage fee petitioners from submitting an excessive request. *Cf. Farris v. Cox*, 508 F. Supp. 222, 227 (N.D. Cal. 1981) (denying attorney's fee for work on fee petition in order to "curb the practice of padding fee requests" but awarding fee for work on merits).

III.   JAMES SCHRATZ'S AUDIT OF PLAINTIFFS' FEES JUSTIFIES DISALLOWANCES OF PLAINTIFFS' REQUESTED FEES IN THE AMOUNT OF $1,248,308.31

In response to Plaintiffs' request for attorneys' fees in the amount of $3.2 million, Defendant retained James Schratz, an expert in attorney billing practices, in order to conduct a full audit of the evidence supporting Plaintiffs' attorneys' request. Mr. Schratz has submitted a full report of his findings, signed under penalty of perjury. (Declaration of James P. Schratz ("Schratz Dec.").) Rather than regurgitate the entirety of Mr. Schratz's report, which clocks in at 60 pages, excluding exhibits, Defendant submits the highlights and conclusions here.

A.   Plaintiffs' Counsel's Claimed Rates Are Excessive In Light of the Size of the Law Firm, Prevailing Market Rates, and Experience of Counsel

The hourly rates charged by twelve timekeepers conflict with applicable practice standards and established law. As detailed at length in Mr. Schratz's Declaration, Plaintiffs' claimed rates do not align with those appropriate in the relevant market. Mr. Schratz conducted detailed analysis of prevailing rates in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136019269.1

3

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

market, and provided alternate appropriate rates based on the skill and experience of the various timekeepers.

Beyond that, many of the Declarations submitted by Plaintiffs 12 separate timekeepers do not provide any evidence to substantiate their claimed rates. Mr. Schratz's total recommended disallowance based on the excessive rates claimed by Plaintiffs' counsel amounts to $726,500.05. The full rationale for this disallowance is contained in Mr. Schratz's Declaration. (Schratz Dec., p. 36, ln. 17—p. 52, ln. 7.)

B.    Plaintiffs' Counsel Engaged in Excessive Intra-Office Conferencing

Mr. Schratz's analysis concludes that excessive intra-office conferencing conflicts with the applicable reasonableness standard. This practice, typically not compensable by many clients in the industry, makes up roughly 26 percent of Plaintiffs' claimed bills, and is particularly egregious in light of the number of timekeepers, as discussed further below. Mr. Schratz recommended disallowances for this excessive intra-office conferencing in the amount of $369,041.10. The full rationale for this disallowance is contained in Mr. Schratz's Declaration. (Schratz Dec., p. 56, ln. 6—p. 58, ln. 25.)

C.    Plaintiffs' Counsel Engaged Excessive Timekeepers

Another issue with Plaintiffs' billing practices concerns the excessive timekeepers employed by Plaintiffs, many of whom are characterized by Mr. Schratz as transient timekeepers, as they spent fewer than 100 hours on the case. Plaintiffs employed a team of eleven attorneys, including one paralegal. Fielding a full NBA roster presumably led, in part, to the excessive intra-office conferencing discussed above and in Mr. Schratz's Declaration. Mr. Schratz recommends a further disallowance of $38,752.40 as a result of this issue. (Schratz Dec., p. 33, ln. 3—p. 34, ln. 21.)

D.    Plaintiffs' Counsel's Timekeepers Billed Interchangeably As Attorneys, Paralegals, and Secretaries

This issue is related to the excessive timekeepers discussed above. Mr.

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Schratz discusses at length the problems with attorneys billing for both paralegal and secretarial tasks. According to Mr. Schratz, this is "very unusual for attorneys to bill as paralegals and such time entries are an implicit acknowledgement by the attorneys doing so that there paralegal tasks would be unrecoverable if billed at their corresponding attorney hourly rates." (Schratz Dec., p. 34, ln. 26—p. 35, ln. 1.) As Mr. Schratz explains, the types of clerical tasks for which Plaintiffs seek compensation with these billings are not compensable. As such, Mr. Schratz recommends disallowances of $71,337.14. (Schratz Dec., p. 34, ln. 22—p. 36, ln. 16

E.     These Unreasonable Practices Justify a Reduction of $1,248,308.31

The points covered in this Opposition are a top-line summary of the analysis conducted by Mr. Schratz. His full Declaration contains not just the full summary of the disallowances, but also the reasoning and legal authority behind those recommendations. In full, for the reasons discussed here and others contained in the Declaration, Mr. Schratz recommends that the Court disallow $1,248,308.31 of Plaintiffs' total fee request.[1] This disallowance leaves net fees of $1,262,786.78 prior to the further reductions discussed below. (Schratz Dec., p. 59, ln. 26—p. 60, ln. 17.) Defendant asks that the Court consider the Schratz Declaration in full in its review of Defendant's Opposition.

IV.    PLAINTIFFS' FAILED PROSECUTION OF THE MAJORITY OF THEIR CLAIMS AGAINST DEFENDANT AND UTILIZATION OF UNPRODUCTIVE, MERITLESS LITIGATION TACTICS JUSTIFIES A FURTHER REDUCTION IN ANY FEE AWARD

By the time of the trial in this action in October, 2023, the central question of this litigation was very straightforward: Whether the presence of toxic pentachlorophenol at 701 Robert Keister Road presented an imminent and

---

[1] This disallowance recommendation does not account for the additional circumstances justifying a further reduction discussed below.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

substantial endangerment to human health or the environment in the Goleta Slough. However, looking back to the outset of the action, Plaintiffs' claims against Defendant were much broader. Plaintiffs' ultimate relief in this case was a consent decree under RCRA requiring remediation of the 701 Robert Keister Road Property. This effectively represents, at best, one sixth of the relief Plaintiffs pursued in this litigation.

A bit of history is helpful to explain this conclusion.  Initially, Plaintiffs sought relief under two separate federal environmental statutes—the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act ("CWA"). (Complaint, Dkt. #1.) Plaintiffs sought relief under both statutes not just at 701 Robert Keister Road, but at two other sites as well. (Complaint, Dkt. #1.) In addition to injunctive relief under RCRA, Plaintiff also sought civil penalties under the CWA. (Complaint, Dkt. #1.)

Beyond Plaintiffs' failure to prevail on its CWA claim, and its failure to prosecute its RCRA claims as to two of the three sites listed in the Complaint, Plaintiffs also pursued a number of fruitless tasks that undoubtedly led to the inflated request for fees. Major examples of these are discussed below. As a result of these numerous instances of "unproductive effort" expended by Plaintiffs' counsel which ultimately resulted in wasted effort, Defendant asks that the Court further reduce any award to the Plaintiffs beyond the disallowances recommended by Mr. Schratz.

A.    Defendant Prevailed As to Plaintiffs' Clean Water Act Claims at All Three Sites At Issue

Plaintiffs' original Complaint brought claims against Defendant not just under RCRA, but under the CWA as well. The CWA cause of action was premised on the idea that Defendant's actions constituted "industrial discharges which are point sources subject to permits" under CWA section 402, 33 U.S.C. § 1342 (i.e., NPDES permits), for purposes of 42 U.S.C. § 6903(27) and involved "any activity or

136019269.1                                                 6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

substance which is subject to" the CWA for purposes of 42 U.S.C. § 6905(a). (Declaration of Ryan Matthews ("Matthews Dec."), Exh. A: Order Dismissing Claim 1 Against Defendant Hot Line Construction, Inc., Dkt. #94.) Plaintiffs subsequently stipulated to the dismissal of that claim, resulting in an order deeming that Defendant's actions did "not involve 'industrial discharges which are point sources subject to permits' under CWA section 402, 33 U.S.C. § 1342 (i.e., NPDES permits), for purposes of 42 U.S.C. § 6903(27), and [did] not involve 'any activity or substance which is subject to' the CWA for purposes of 42 U.S.C. § 6905(a)." *Id.*[2]

Under *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417), Claimant's Counsel's work on unsuccessful claims cannot be deemed to have been expended in pursuit of the ultimate results achieved and therefore, no fee may be awarded for services on such claims. Ultimately, apportionment of fees rests within the sound discretion of the court [or arbitrator] whether Claimant's unsuccessful claims are based on different factual and legal theories such that they are "unrelated claims". (See *Bell v. Vista Unified School District* (2000) 82 Cal.App.4th 672, 687.) However, even if the claims are found to be "related", the court must still "evaluate the significance of the overall relief obtained by claimant. (*Id.*) As such, Plaintiffs' failed prosecution of their claims under the CWA present a basis for a reduction of those fees—particularly where Plaintiffs have made no effort to apportion their fees as between their efforts prosecuting the CWA claim and the RCRA claim. Given the duty of candor required by counsel (in addition to Rule 11

---

[2] Plaintiffs' Counsel Christopher Sproul presumably should have reached this conclusion prior to bringing this lawsuit, as he was counsel of record on a case providing on-point black letter law on the question. *See Ecological Rights Foundation v. PG&E,* No. 11-16042 (9th Cir. 2013), attached to the Matthews Declaration as Exhibit B.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

obligations set forth by Congress) this failure defeats any presumption of validity that might otherwise accompany a fee claim.

B.      Plaintiffs' Failed Pursuit of Civil Penalties Following their Stipulated Dismissal of their CWA Claim Constitutes a Further Basis for Reduction of their Requested Fees

Following their settlement with defendant Southern California Edison ("SCE") and the resumption of discovery with Defendant, Plaintiffs conducted a number of depositions concerning Defendant's on-site operations, including both written discovery and depositions regarding implementation of any stormwater BMPs. (Matthews Dec., par. 4.) This included multiple depositions of Defendant's on-site personnel, including Aaron Moraga and Jason Spear, as well as a third-party stormwater BMP consultant retained by Defendant named Mary Larsen. (Matthews Dec., par. 4.) This discovery was time-intensive,  voluminous and facially unnecessary.

Given that RCRA does not impose any sort of negligence standard, but instead imposes strict joint and several liability, Defendant did not understand the need for this discovery. The fact that Defendant had contributed to pentachlorophenol contamination at the Site was undisputed. This was not a complicated case. It involved a single operator. There was no need to apportion fault or address issues of divisibility. An experienced environmental litigator would know this. As such, on June 6, 2022, Defendant wrote an e-mail to Plaintiffs' counsel. (Matthews Dec., Exh. C.) That correspondence expressed confusion as to the voluminous ongoing discovery related to what, as far as Defendant could tell, was foundational information for the imposition of civil penalties. (Matthews Dec., Exh. C.)

After significant consideration, Defendant raised the concern that Plaintiffs were effectively trying to establish Defendants' degree of culpability in order to gather evidence to support the appropriateness of harsh civil penalties. Civil

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

penalties, of course, were never available to Plaintiffs in a RCRA citizen suit, but Plaintiffs had sought them in their dismissed CWA action. Defendant wrote the e-mail hoping to defuse further pointless discovery along these lines.

After extensive meet and confer correspondence, Plaintiffs proceeded to move the Court for leave to amend their pleadings to add a demand for imposition of civil penalties under RCRA. (Matthews Dec., par. 6, Exh. D; Dkt. #.)

What followed was extended briefing by both sides on the issue of whether civil penalties were available under RCRA, including a detailed Opposition which required burdensome, detailed explanations of the voluminous misrepresentations of legal authority made by Plaintiffs. (Matthews Dec., par. 7; Exh. E.) The answer—as should have been obvious from a plain reading of the relevant statutory language—was that they are not. (Matthews Dec., Exh. F: Order Denying Plaintiffs' Motion for Leave to Amend, Dkt. #177.) The net result was that Plaintiffs' counsel, now lauding its status as experienced environmental counsel in an effort to justify its rates, wasted substantial time and resources in pointless discovery and in meritless law and motion on an issue that should have been clear from the outset.[3] Plaintiffs sought civil penalties that could have resulted in massive damages to Defendant, and to which they were clearly not entitled. Misadventure of counsel is another basis for a further reduction of Plaintiffs' claimed fees.[4]

C.   Plaintiffs' Discovery Motion re Defendant's Other Operations and Subsequent Inaction

---

[3] The Court agreed that this issue should have been clear, stating that "the legal question here is straightforward and will not be clarified by further litigation; to the contrary, permitting Plaintiffs to pursue unavailable remedies will needlessly complicate the case." Matthews Dec., Exh. F, p. 3, ln. 14-16.

[4] Defendant is unable to determine the amount of time Plaintiffs claim for this and other meritless tactics employed by Plaintiffs, as the amount of internal conferencing claimed in the bills submitted to the Court makes it difficult, if not impossible, to itemize the fees claimed for specific litigation tactics.

One of the significant discovery disputes in this case concerned Plaintiffs' attempts to gather evidence regarding Defendant's operations outside of the three sites listed in Plaintiffs' Complaint. Defendant objected to this discovery on the grounds that conditions at sites other than the ones in the Complaint were irrelevant to the determination of RCRA liability—Plaintiffs' sole remaining cause of action. (Matthews Dec., par. 9.) The Court granted Plaintiffs' Motion to Compel on the issue, and Defendant subsequently produced the information related to numerous additional sites where Defendant's operations involved the types of utility poles at issue in this litigation. (Matthews Dec., par. 10.)

After all of this effort, Plaintiffs' attorneys proceeded to do virtually nothing with this information. There were no site inspections. There was no subsequent environmental testing. (Matthews Dec., par. 11.) Defendant does not complain that Plaintiffs did not expand the litigation beyond what was contemplated in the Complaint, Defendant does object to what amounted to a burdensome fishing expedition that had absolutely nothing to do with the ultimate remedy Plaintiffs obtained at The wasted effort is emblematic of what was ultimately a grossly over-lawyered, scorched-earth litigation campaign. It is yet another example of an "unproductive effort" when viewed through the lens of the relief Plaintiffs achieved via the Consent Decree, and Plaintiffs' attorneys should not be awarded fees for that unproductive effort. *Jordan v. Department of Justice*, 691 F.2d 514, 518 (D.C. Cir. 1982).

        D.      <u>Plaintiffs Did Not Prevail Under RCRA As to Two of the Three Sites At Issue in the Complaint</u>

With respect to the relief Plaintiffs obtained under the Consent Decree, the only site Plaintiffs obtained relief concerning is 701 Robert Keister Road. Plaintiffs failed to obtain any relief concerning the other two Sites in the Complaint. Much like Plaintiffs' failure to prevail on the CWA claim, Plaintiffs' failure to apportion their fees between the claims on which they did not prevail and the sole claim on

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

which they prevailed is basis for a further reduction of their fees. And with this as a given, Plaintiffs' attorneys have opted to stay silent on the issue; either hoping that the court overlook the issue, or attempt to grapple with an apportionment without any suggested remedy from the attorneys that created the dilemma.

The failure to prevail on these issues is not trivial. Plaintiffs' settlement demands through the course of this action demonstrate that remedies available to them under the CWA and prospective injunctive relief related to Defendant's ongoing operations were key issues. (Matthews Dec., par. 12, 13; Exh. G.) Plaintiffs sought to force Defendant to implement prospective Best Management Practices, over which they would obtain supervisory jurisdiction. (Matthews Dec., par. 13.) Plaintiffs further sought monetary payments "in lieu of civil penalties". (Matthews Dec., Exh. G.) Plaintiffs' ultimate remedy did not achieve any of those remedies, and that failure should be considered when evaluating the ultimate fees awarded to Plaintiffs as the "prevailing party"—particularly where, as here, the attorneys' fees sought are so substantial.

V.    <u>PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES FAILS TO ADDRESS THE $1,175,000 THEY RECEIVED IN COMPENSATION FOR LITIGATION COSTS FOR THESE SAME CLAIMS FROM SOUTHERN CALIFORNIA EDISON</u>

Plaintiffs' Motion purports to seek compensation for all attorneys' fees incurred in this case. However, at no point does it make any mention of the fact that Plaintiffs have already received substantial compensation for those fees. In this same case, in a Consent Decree filed with this Court, Plaintiffs received $1,175,000 from Southern California Edison for "investigative, expert, consultant, and attorneys' fees and costs incurred through the Effective Date, including costs incurred as a result of investigating the activities at the Facilities, preparing the Notice Letter and Complaint, litigating this matter, and negotiating a resolution of this Action." (Matthews Dec., Exh. H: Southern California Edison Consent Decree, Dkt. #121, p.

29, ln. 6-10.)

At no point in Plaintiffs' Notice of Motion or Memorandum do Plaintiffs make any reference to this prior seven-figure award. Beyond that, in the numerous Declarations submitted to substantiate the claimed fees, Plaintiffs make no effort to differentiate the litigation costs reimbursed by the $1,175,000 from Southern California Edison from those they now seek.

Defendant does not argue that the $1,175,000 paid by SCE is terminally intermingled with the fees they seek in the instant Motion. Indeed, with SCE having been fully dismissed as shortly after the consent decree, there is no doubt that Plaintiffs have incurred substantial fees since which were not included in SCE's payment. However, it is Plaintiffs' burden to establish that the fees incurred prior to the effective date of the $1,175,000 award they received from SCE—and for which they now seek reimbursement—were not encompassed by SCE's substantial payment. Plaintiffs have made no attempt whatsoever to distinguish fees incurred in prosecuting their case against Defendant from the fees incurred that were reimbursed by SCE.

Given Plaintiffs' complete failure to address the issue, it is impossible for Defendant to derive a precise amount of the SCE settlement that should be applied to Plaintiffs' present fee request. However, by any measure, at least some of that number must be credited to Defendant, particularly where Plaintiffs' claimed fees begin in 2019, two years prior to the SCE settlement. (Complaint, Dkt. #1.) As such, this is yet another basis to further reduce Plaintiffs' fee award beyond the reductions Mr. Schratz has identified.

VI.   CONCLUSION

For all the reasons set forth above, there is ample justification to reduce Plaintiffs' fee award substantially. Plaintiffs have demanded excessive rates, have used excessive timekeepers, and have billed egregious sums for intra-office conferencing. Beyond that, Plaintiffs have prevailed on a small fraction of what their

attorneys' sought in the first place.

Defendant carefully considered the reduction it requests from the Court. Given the legal authority at play, Defendant was tempted to request that the Court not award Plaintiffs attorneys' fees at all, given both their disregard not just for the fact that they failed to prevail on the vast majority of their claims, and the fact that they failed to inform the Court that they have already been compensated for a substantial portion of the fees they now ask the Court to award.

Regardless, Defendant first asks the Court to find that Mr. Schratz's proposed disallowances are appropriate in light of the evidence he presents. Mr. Schratz's proposed award, based on the submissions made by Plaintiffs in support of this Motion.

Second, Defendant asks the Court to reduce the award further based on Plaintiffs' failure to prevail on the majority of their claims, and their repeated tactical misadventures. This brand of litigation should not be rewarded with massive attorneys' fees.

Defendant proposes that a reasonable compromise would be to award Plaintiffs the same fees that Defendant's counsel has charged over the course of this litigation. Defendant, to this point, has charged a total of $494,405.80. (Matthews Dec., par. 15.) This includes fees that were required because of the meritless tactics described above that were employed by Plaintiffs' counsel throughout this litigation. As such, Defendants request that the Court grant Plaintiffs' Motion in part, but reduce the award consistent with the facts, arguments, and authority laid out above and in the Declaration of James P. Schratz.

DATED:  February 9, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   _____*/s/ Ryan Matthews*_____
RYAN MATTHEWS
Attorneys for Defendant, HOT LINE CONSTRUCTION, INC.

**FEDERAL COURT PROOF OF SERVICE**
Ecological Rights Foundation, et al. v. Hot Line Construction, Inc.
Case No. 5:20-cv-01108-AB-KK

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 9, 2024, I served the following document(s):

- OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 9, 2024, at Sacramento, California.

_/s/ Alicia Crespo_
Alicia Crespo

136019269.1

1

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SERVICE LIST**
*Ecological Rights Foundation, et al. v. Hot Line Construction, Inc.*
**Case No. 5:20-cv-01108-AB-KK**

| | |
|---|---|
| Christopher Sproul<br>Brian Orion<br>Marla Fox<br>Environmental Advocates<br>5135 Anza Street<br>San Francisco, CA 94121 | **Attorneys for Plaintiffs**<br>**ECOLOGICAL RIGHTS FOUNDATION and SANTA BARBARA CHANNELKEEPER**<br><br>Tel.: 415-533-3376<br>Fax: 415-358-5695<br>Email: csproul@enviroadvocates.com<br>Email: borion@enviroadvocates.com<br>Email: evenson@ecologylaw.com<br>Email: mfox@enviroadvocates.com |
| Jason Flanders<br>Matthew C. Maclear<br>James T. Brett<br>ATA Law Group<br>490 43rd Street, Suite 108<br>Oakland, CA 94609 | **Attorneys for Plaintiffs**<br>**ECOLOGICAL RIGHTS FOUNDATION and SANTA BARBARA CHANNELKEEPER**<br><br>Tel.: 916-202-3018<br>E: jrf@atalawgroup.com<br>E: eb@atalawgroup.com<br>E: mcm@atalawgroup.com<br>E: jtb@atalawgroup.com |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

136019269.1

2

OPPOSITION TO PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS